1

2

3

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

4

| ANTHONY GIOIOSA, SR, | Case No. 2:20-CV-00760-GMN-DJA |
|---|---|
| Plaintiff, | **SCREENING ORDER** |
| v. | |
| JENNIFER WALSH, | |
| Defendants. | |

9

10        Plaintiff, who is incarcerated in the custody of the Nevada Department of

11  Corrections (NDOC), has filed an application to proceed *in forma pauperis* (ECF No. 1)

12  and has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1-1).

13  The Court will temporarily defer consideration of Plaintiff's application to proceed *in forma*

14  *pauperis*.  The Court now screens Plaintiff's civil rights complaint under 28 U.S.C. §

15  1915A.

16  **I.   SCREENING STANDARD**

17        Federal courts must conduct a preliminary screening in any case in which a

18  prisoner seeks redress from a governmental entity or officer or employee of a

19  governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any

20  cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

21  upon which relief may be granted or seek monetary relief from a defendant who is

22  immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings, however,

23  must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

24  1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

25

1  elements: (1) the violation of a right secured by the Constitution or laws of the United

2  States, and (2) that the alleged violation was committed by a person acting under color of

3  state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

4      In addition to the screening requirements under § 1915A, pursuant to the Prison

5  Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the

6  allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a

7  claim on which relief may be granted, or seeks monetary relief against a defendant who is

8  immune from such relief."  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to

9  state a claim upon which relief can be granted is provided for in Federal Rule of Civil

10  Procedure 12(b)(6), and the court applies the same standard under § 1915 when

11  reviewing the adequacy of a complaint or an amended complaint.  When a court

12  dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the

13  complaint with directions as to curing its deficiencies, unless it is clear from the face of the

14  complaint that the deficiencies could not be cured by amendment.  *See Cato v. United

15  States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

16      Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See

17  Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure

18  to state a claim is proper only if the plaintiff clearly cannot prove any set of facts in

19  support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d

20  756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all

21  allegations of material fact stated in the complaint, and the court construes them in the

22  light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp*., 74 F.3d 955, 957 (9th

23  Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than

24  formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While

25

2

1   the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

2   must provide more than mere labels and conclusions.  *See Bell Atlantic Corp. v.*

3   *Twombly, 550 U.S. 544, 555 (2007)*.  A formulaic recitation of the elements of a cause of

4   action is insufficient.  *Id*.

5          Additionally, a reviewing court should "begin by identifying pleadings [allegations]

6   that, because they are no more than mere conclusions, are not entitled to the assumption

7   of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can

8   provide the framework of a complaint, they must be supported with factual allegations."

9   *Id*.  "When there are well-pleaded factual allegations, a court should assume their veracity

10  and then determine whether they plausibly give rise to an entitlement to relief."  *Id*.

11  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-

12  specific task that requires the reviewing court to draw on its judicial experience and

13  common sense."  *Id*.

14         Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua*

15  *sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This

16  includes claims based on legal conclusions that are untenable (e.g., claims against

17  defendants who are immune from suit or claims of infringement of a legal interest which

18  clearly does not exist), as well as claims based on fanciful factual allegations (e.g.,

19  fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989);

20  *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

21  **II.  SCREENING OF COMPLAINT**

22         In his complaint, Plaintiff sues Jennifer Walsh, associate warden at High Desert

23  State Prison (HDSP), regarding his inmate savings account.  ECF No. 1-1 at 1, 2, 4-6.

24  Plaintiff asserts a single count and seeks monetary and injunctive relief.  *Id.* at 1, 11.

25                                                  3

1         Plaintiff alleges the following.  On March 5, 2020, Plaintiff submitted an "Inmate

2    Savings Withdrawal Request" to withdraw the $400 held in his inmate savings account.

3    *Id.* at 4.  On March 13, 2020, Walsh denied the request.  *Id.*  Plaintiff stated, in his

4    withdrawal request, that he wanted to "[a]ccess this fund in regards to my financial

5    obligations."  *Id.*  Plaintiff asserts his financial obligations consist of buying cosmetics, a

6    razor, vitamins, and a TV and radio.  *Id.*  Plaintiff was depending on gainfully employed

7    loved ones to send him financial assistance.  *Id.*  His resources have been laid off.  *Id.*

8    Plaintiff is now destitute.  *Id.*  Plaintiff needs the $400 in his savings account to maintain

9    his sanity, hygiene, and avoiding rules violations.  *Id.* at 4-5.

10         Plaintiff has never received interest accrued from the $400 in his savings account.

11    *Id.* at 5.  NDOC has placed his funds in Certificate Deposit Savings Accounts.  *Id.*  NDOC

12    is reaping all the growth and annuity benefits.  *Id.*

13         Plaintiff has filed numerous kites, informal complaints and grievances on NDOC

14    staff on various topics.  *Id.*

15         No explanation was provided as to why his request to withdraw was denied.  *Id.*

16         Plaintiff asked several correctional officers for grievances so that he could grieve

17    the denial, but they did not give a grievance to Plaintiff.  *Id.*

18         The Court liberally construes the Complaint as bringing the following claims: due

19    process violation for failing to pay interest, due process violation for denying Plaintiff's

20    request to withdraw funds, retaliation, and due process violation for denying access to the

21    grievance process.  The Court will address each of these issues in turn.

22    **A. Due Process – Property Interest in Funds and Interest on Funds**

23         Under the Fourteenth Amendment, prisoners "may not be deprived of life, liberty,

24    or property without due process of law."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

4

25

However, "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Id*. "[T]here must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Id*.

"There is no question that [an inmate's] interest in the funds in his prison account is a protected property interest." *Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir. 1985). While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful post-deprivation remedy is available for the loss. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982); *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

Plaintiff fails to state a cognizable due process claim concerning the failure to pay interest on the funds in his inmate saving account. Plaintiff has alleged that he has funds in an inmate saving account. Plaintiff has alleged that he has never received an interest payment on those funds. Plaintiff fails to allege that Walsh engaged in any conduct that caused Plaintiff to not receive the interest he was owed. Plaintiff has also failed to allege facts raising a plausible inference that he was owed interest accrued on the funds in his savings account. Plaintiff has alleged sufficient facts raising a plausible inference that the funds maintained by the NDOC accrued interest. Plaintiff has not, however, alleged facts permitting a plausible inference that the interest that accrued on his savings account

1   exceeded the maintenance fees incurred by NDOC to maintain his savings account,

2   resulting in a balance owed to Plaintiff.  The Court will dismiss this claim without prejudice

3   with leave to amend.

4          Plaintiff fails to state a cognizable due process claim arising from the denial of his

5   request to withdraw the entire balance of $400 from his inmate savings account.  Plaintiff

6   has alleged that he has $400 in an inmate savings account that is generated and

7   maintained by the NDOC.  As Plaintiff is incarcerated, his right to access the funds in his

8   inmate savings account is restricted by legitimate correctional objectives.  Plaintiff has

9   alleged that he submitted a request to withdraw the entire balance of his inmate savings

10  account.  Plaintiff has alleged he stated in his request that the purpose for withdrawing

11  the entire balance of his inmate savings account was for the non-specific reason of "in

12  regards to [his] financial obligations."  Plaintiff has sufficiently alleged that Walsh denied

13  this request.  Plaintiff has not alleged sufficient facts to raise a plausible inference that

14  Walsh could not deny Plaintiff's request to withdraw the entire balance of his inmate

15  savings account for the purpose Plaintiff stated on his request.  The Court will deny this

16  claim without prejudice with leave to amend.

17      **B. First Amendment Retaliation**

18         Prisoners have a First Amendment right to file prison grievances and to pursue civil

19  rights litigation in the courts.  *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004).

20  "Without those bedrock constitutional guarantees, inmates would be left with no viable

21  mechanism to remedy prison injustices.  And because purely retaliatory actions taken

22  against a prisoner for having exercised those rights necessarily undermine those

23  protections, such actions violate the Constitution quite apart from any underlying

24  misconduct they are designed to shield."  *Id.*

25                                                    6

To state a viable claim for retaliation in violation of the First Amendment, in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id*. at 567-68. Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. *Id*. at 568-69.

Plaintiff has not stated a cognizable claim that Walsh denied his request to withdraw the entire balance of his inmate saving account in retaliation for Plaintiff's protected conduct. Plaintiff has failed to sufficiently allege he engaged in protected conduct. Plaintiff's general, non-specific allegation that he has filed numerous kites, grievances and informal complaints does not cure this defect. Plaintiff has not alleged sufficient facts raising a plausible inference that Walsh acted because of Plaintiff's protected conduct. Plaintiff's allegation that he engaged in protected conduct and his allegation that Walsh took an adverse action do not, standing alone, raise a plausible inference that the adverse action was taken *because of* the protected conduct. Plaintiff must allege facts, and not speculation or conjecture, raising the inference that the adverse action was taken because of the protected conduct. Plaintiff has also failed to allege facts raising a plausible inference that Walsh's denial of his request to withdraw the entire balance of his inmate savings account did not reasonably advance a legitimate correctional goal. The Court will deny this claim without prejudice with leave to amend.

**C. Fourteenth Amendment – Denial of Access to Grievance Procedures**

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). To establish a violation of the right of access to the courts, a

7

1  prisoner must establish that he or she has suffered "actual injury." *Id*. at 349.  The actual-

2  injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim

3  had been frustrated or was being impeded." *Id*. at 353.  "The right of meaningful access

4  to the courts extends to established prison grievance procedures." *Bradley v. Hall*, 64

5  F.3d 1276, 1279 (9th Cir. 1995), *overruled on other grounds by Shaw v. Murphy*, 532 U.S.

6  223, 230 n.2 (2001).  "[T]he object of the denial-of-access suit, and the justification for

7  recognizing that claim, is to place the plaintiff in a position to pursue a separate claim for

8  relief once the frustrating condition has been removed." *Christopher v. Harbury*, 536 U.S.

9  403, 413, (2002).

10      Plaintiff fails to state a cognizable claim that Walsh denied him access to the

11  grievance procedures.  Plaintiff fails to assert any allegation of fact raising a plausible

12  inference that Walsh impeded or frustrated his ability to access the established prison

13  grievance procedure.  Plaintiff's general allegation that un-identified correctional officers

14  did not provide him grievance forms does not cure this defect.

15      The Court will dismiss this claim without prejudice with leave to amend.

16  **III.  Leave to Amend**

17      Plaintiff is granted leave to file an amended complaint to cure the deficiencies of

18  the complaint.  If Plaintiff chooses to file an amended complaint, he is advised that an

19  amended complaint entirely replaces the original complaint and, thus, the amended

20  complaint must be complete.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*.,

21  896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the

22  original complaint is irrelevant; an amended pleading supersedes the original"); *see also*

23  *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims

24  dismissed with prejudice, a plaintiff is not required to reallege such claims in a

25

8

subsequent amended complaint to preserve them for appeal).  To be complete, an amended complaint must contain all claims, defendants, and factual allegations that a plaintiff wishes to pursue in his lawsuit.  Moreover, an inmate should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

If Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff must file the amended complaint within 30 days from the date of entry of this order.

If Plaintiff does not file an amended complaint curing the deficiencies outlined in this order, this action will be dismissed with prejudice for failure to state a claim.

**IV. CONCLUSION**

Therefore,

THE COURT **ORDERS** that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is DEFERRED.

THE COURT FURTHER **ORDERS** that the Clerk of the Court shall file the complaint (ECF No. 1-1).

THE COURT FURTHER **ORDERS** that each of Plaintiff's claims is DISMISSED without prejudice with leave to amend for failure to state a claim.

THE COURT FURTHER **ORDERS** that the Clerk of the Court send Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).  If Plaintiff chooses to file an amended complaint, he should use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

9

1    THE COURT FURTHER **ORDERS** that, if Plaintiff chooses to file an amended

2 complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff must

3 file the amended complaint within 30 days from the date of entry of this order.

4    THE COURT FURTHER **ORDERS** that, if Plaintiff does not file an amended

5 complaint curing the deficiencies of his complaint, as outlined in this order, this action will

6 be dismissed with prejudice for failure to state a claim.

7

8

9  DATED THIS  12   of April 2021

10                                                    _____

                                                      Gloria M. Navarro
11                                                    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25
                                    10