UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY GIOIOSA, SR.,

    Plaintiff,

v.

JENNIFER WALSH, *et al.*,

    Defendants.

Case No. 2:20-cv-00760-GMN-DJA

**ORDER**

    This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On April 12, 2021, the Court issued a screening order pursuant to 28 U.S.C. §1915A. (ECF No. 3). The Court ordered that the complaint be filed and that it be dismissed with leave to amend within 30 days. (*Id.* at 9-10). The 30-day period has now expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order.

    Also pending before the Court is Plaintiff's application to proceed *in forma pauperis* (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted. Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

## I. DISCUSSION

Section 1915A requires that, before docketing a complaint filed by an inmate, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. 1915A. Similarly, under the Prison Litigation Reform Act (PLRA), a federal court must dismiss, at any time, an incarcerated person's claim if the claim "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In its Screening Order, the Court found that Plaintiff failed to state any cognizable claim for relief. (ECF No. at 4-8). In making these findings, the Court noted the deficiencies of each of Plaintiff's claims. (*Id.*). The Court dismissed Plaintiff's claims without prejudice for failure to state a claim but with leave to amend. (*Id.* at 9).

The Court granted Plaintiff 30 days from the date the Screening Order was entered—that is, until Tuesday, May 12, 2021—to file an amended complaint curing the deficiencies of his complaint. The Court specifically notified Plaintiff that, if he failed to file an amended complaint curing the deficiencies of his complaint within this 30-day period, this action would be "dismissed with prejudice for failure to state a claim." (*Id.* at 10). Plaintiff did not file an amended complaint within the 30-day period granted by the Court. By failing to timely amend his complaint, Plaintiff has effectively elected to stand upon a complaint that, as this Court previously found, fails to state a cognizable claim. *See Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017).

Accordingly, as Plaintiff filed a complaint that fails to state a cognizable claim, and as the Court notified Plaintiff of the deficiencies of the complaint, and as the Court

provided Plaintiff an opportunity to amend his complaint, and as Plaintiff has not amended his complaint, the Court will now dismiss the complaint with prejudice and will enter judgment accordingly.

## II. CONCLUSION

For the foregoing reasons,

IT IS **ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is GRANTED. Plaintiff will not be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status will not extend to the issuance and/or service of subpoenas at government expense.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Anthony Gioiosa, Sr., #1170052** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER **ORDERED** that, pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b), this action is DISMISSED with prejudice as the complaint (ECF No. 4) fails to state a cognizable claim upon which relief may be granted.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall close this case and enter judgment accordingly.

DATED THIS 3 day of June 2021.

_____
Gloria M. Navarro
United States Magistrate Judge